State, ex rel. H. W. Roche, v. Dominick Cosgrove.

[Filed April 7, 1892.]

1. **Officers: Eligibility: Supervisor of Registration.** Under the provisions of section 2, chapter 54, of the Laws of 1889, a person who is a candidate for an office to be voted for by the electors of the precinct is not eligible to the office of supervisor of registration of such precinct, but if he receive the requisite number of votes for an office—as assessor—to elect him to that position he will not be debarred from holding such office by reason of having been a supervisor of registration.

2. ——: ——: ——. The prohibition is against holding the office of supervisor, not the office to which the party may be elected.

3. ——: Incumbent Holding Over: Requalification. Where the incumbent of an office holds over by reason of the non-election or non-appointment of a successor, or of the neglect or refusal of his successor to qualify, he must qualify anew within ten days from the time at which his successor should have qualified.

Error to the district court for Douglas county. Tried below before Clarkson, J.

*Schomp & Corson*, for plaintiff in error, cited: *Laws v. Vincent*, 16 Neb., 215; *Commonwealth v. Hanley*, 9 Pa. St., 513; Dillon, Mun. Corp., sec. 220; *McCall v. Byram Mfg Co.*, 6 Conn., 428; *Cordiell v. Frizell*, 1 Nev., 130; *Queen v. Durham*, 10 Mod. [Eng.], 146; *People v. Runkle*, 9 Johns. [N. Y.], 147.

*Gannon, Breck & Shea*, contra.

Maxwell, Ch. J.

This is an action of *quo warranto* brought in the district court of Douglas county. A demurrer to the petition and stipulation of facts was sustained and the action dismissed.

The stipulation sets forth the material facts on which the right to recover depends and is as follows:

"It is agreed and stipulated, between the attorneys of the respective parties hereto, that the following is a true statement of the facts in this case:

"First—Both Dominick Cosgrove and H. W. Roche were, on the 1st day of November, A. D. 1888, and ever since have been, legal voters, citizens and residents of the Third ward of the city of Omaha, Douglas county, Nebraska.

"Second—At the regular election held in November, A. D. 1888, H. W. Roche was duly elected to the office of assessor for said ward to serve for such term as is prescribed by the constitution and laws of the state of Nebraska.

"Third—That in pursuance of such election he duly qualified himself to act as such assessor, and entered into said office and served as such for the year 1889.

"Fourth—That on the —— day of September, A. D. 1889, Dominick Cosgrove was duly appointed by the city council of the city of Omaha as supervisor of registration for election in precinct No. 1 of the Third ward of said city; that on the 30th day of September, A. D. 1889, the said appointment was duly approved by W. J. Broatch, mayor, and on the said 30th day of September the said Dominick Cosgrove took the official oath of office as such registrar of election—which approval and oath are as follows:

"'OFFICE OF THE MAYOR OF THE CITY OF OMAHA,
"'OMAHA, NEB., Sept. 30th, 1889.

"'To the City Clerk, City of Omaha: I have this day made the examination required by law of Mr. D. Cosgrove, appointed by the city council of the city of Omaha as supervisor of registration for election precinct No. 1 of the Third ward of said city, and am satisfied of his fitness to serve as such officer.     W. J. BROATCH,
"'Mayor.'

"'OATH OF SUPERVISOR OF REGISTRATION.

"'I, D. Cosgrove, residing at No. 214 N. 10th street in the city of Omaha, do solemnly swear that I will support the constitution of the United States and of the state of Nebraska, and that I will faithfully and impartially discharge the duties of the office of supervisor of registration for the election precinct No. 1 of the Third ward of the city of Omaha, according to the laws of the state and the best of my ability; and that I am a citizen of the United States and of the state of Nebraska, a qualified voter in election precinct No. 1 of the Third ward of the city of Omaha, and not a candidate for any office to be voted for by the voters of the precinct for which I am appointed supervisor.     D. COSGROVE.

"'Subscribed in my presence and sworn to before me this 30th day of September, 1889.

"'[OFFICIAL SEAL.]     J. B. SOUTHARD,
    '"City Clerk.'

"Fifth—In pursuance of such appointment and qualification the said Dominick Cosgrove performed the duties of registrar of election for the First precinct of Third ward, city of Omaha, preceding the regular annual election in November, 1889.

"Sixth—At such annual election held in November, A. D. 1889, the following vote was cast for assessor in said ward:

First precinct:

Dominick Cosgrove............................ 310 votes
  H. W. Roche................................. 270 votes

Second precinct:

Dominick Cosgrove............................ 246 votes
  H. W. Roche................................. 135 votes

Total:

Dominick Cosgrove............................ 556 votes
  H. W. Roche................................. 405 votes

"Seventh—Dominick Cosgrove did not attempt to qual-
ify in pursuance of such election returns, and on the 8th
day of February, A. D. 1890, went before the commissioners
of Douglas county and represented the office vacant; re-
ported that he had received a majority of votes cast for
such office of assessor at the last election in 1889, and had
them appoint him (Dominick Cosgrove) as assessor for said
Third ward of the city of Omaha, which appointment was
also made on said 8th day of February, A. D. 1890.
And in pursuance of such alleged appointment he made
and executed his bond as assessor, which was duly ap-
proved, and in pursuance of such alleged appointment to
fill vacancy is now claiming a right to act as assessor for
such Third ward for the ensuing year.  H. W. Roche
claims there was no election for assessor in said ward in the
year 1889; that Dominick Cosgrove was not eligible to
election at that time; that there was no vacancy which the
commissioners could fill by appointment, and that he, as
the regular elected and qualified officer, elected in the year
1888, is duly qualified and entitled to hold the office until
his successor is duly elected."    In the fourth paragraph of
the petition is the statement, "Your relator did not qualify
as assessor in pursuance of such election held in 1889, be-
cause he was informed that said Dominick Cosgrove
claimed that he, the said Cosgrove, was elected, and also
that the said Dominick Cosgrove had filed his bond,
and in other ways attempted to qualify as such assessor,
and this relator was proceeding to oust him, the said Dom-
inick Cosgrove, from such position by proceedings insti-
tuted in *quo warranto*, and had made application to the
courts for their assistance in such proceedings, when this
relator learned that the said Dominick Cosgrove went be-
fore the board of county commissioners of Douglas county,
Nebraska, and representing to said board that he had not
qualified as such assessor, on account of sickness, and also
represented to said board of county commissioners that the

said office of assessor in the Third ward of the city of Omaha was vacant, and thereupon had said board pass an order appointing him, the said Cosgrove, as assessor for said Third ward for the year 1890, and in pursuance of such alleged appointment he, the said Dominick Cosgrove, filed his bond, and claims that he has qualified himself to act as such assessor of the Third ward of the city of Omaha in pursuance of such appointment, and is now assuming to act as assessor of said Third ward of the city of Omaha aforesaid."

Section 2, chapter 54, of the Laws of 1889 provides: "All supervisors of registration in said cities shall hereafter be selected and appointed by the city council, and the said council shall have the power to make all necessary removals in the office of supervisors of registration. It shall be the duty of said council, annually, in the month of September in each year, for each election precinct in any such cities to select to serve as supervisors of registration three (3) persons, two of whom on state issues shall be of political faith and opinion different from their associates, and the supervisors appointed to represent the political party in the minority on state issues shall be named solely by such members of said city council. The said supervisors shall be citizens of the United States and of the state of Nebraska, of good character and able to read, write, and speak the English language understandingly, qualified voters in said city, and not candidates for any office to be voted for by the electors of the precinct for which they shall be selected, and residents of the precinct for which they shall be appointed. The persons so selected as supervisors shall be notified by the city clerk to appear before the mayor, who shall examine them as to their qualifications, and if he shall be satisfied that they are qualified to serve, they shall each take and subscribe before the city clerk within ten days of the notice of appointment the following oath of office:

"I, ——, residing at No. —, in the city of ——, do solemnly swear (or affirm) that I will support the constitution of the United States, and of the state of Nebraska, and that I will faithfully and impartially discharge the duties of the office of supervisor of registration for the election precinct (or ward) No. —, of the city of ——, according to the laws of the state, and the best of my ability; and that I am a citizen of the United States and of the state of Nebraska, a qualified voter in election precinct (or ward) No. —, in the city of ——, and not a candidate for any office to be voted for by the voters of the precinct for which I am appointed supervisor."

The statute above copied in effect prohibits a person who is a candidate for an office to be voted for at the election, from discharging the duties of supervisor. It does not declare that votes cast for him for an office shall be void, nor that he shall not hold an office to which he is elected, notwithstanding he may not have been a candidate. So far as we can see that was the case here. The voters of the precinct, or a large majority of them, seemed to have considered him a suitable person for assessor, and cast their votes for him for that office. These votes were not void and we have no right to declare them so. In a free government the will of the electors as declared through the ballot box, must be respected and carried into effect. The term of office of an assessor is fixed by law. The intention is that one shall be elected in each precinct each year. In case of failure to elect, or for other cause the office is not filled at the general election, the old officer will hold over. This provision is for the benefit of the public to prevent a lapse in the office, and not for the benefit of the incumbent.

We have no doubt the respondent was eligible to the office of asssessor, but having failed to qualify it is probable that the relator would have held over if he had given the bond required by section 17, chapter 10, which reads

as follows: " When the incumbent of an office is re-elected or re-appointed he shall qualify by taking the oath and giving the bond as above directed, but when such officer has had public funds or property in his control his bond shall not be approved until he has produced and fully accounted for such funds and property, and when it is ascertained that the incumbent of an office holds over by reason of the non-election or non-appointment of a successor, or of the neglect or refusal of the successor to qualify, he shall qualify anew within ten days from the time at which his successor, if elected, should have qualified." This the relator failed to do and hence there was a vacancy which the county board had authority to fill. This they have done by the appointment of the respondent, and he, so far as appears, is entitled to hold the office. The judgment of the court below is right and is

AFFIRMED.

THE other judges concur.